IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

v.                                                      CRIMINAL ACTION NO. 2:22-cr-00218

BILLY J. GRIFFITH,

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Billy J. Griffith's Motion for New Trial [ECF No. 98]. For the following reasons, the motion is **DENIED**.

A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see also United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). A trial court's discretion, however, should be exercised sparingly, and "a new trial should be granted only when the evidence weighs heavily against the verdict." *Id.* at 1486. As such, "[d]istrict courts should grant new trials based on the weight of evidence only in 'rare' instances." *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) (citing *United States v. Singh*, 518 F.3d 236, 249 (4th Cir. 2008)); *see also United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006).

To convict a defendant of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), the government must prove beyond a reasonable doubt that (1) the defendant received; (2) any child pornography, that is, a visual depiction of a minor child engaged in sexually explicit conduct; (3) such material had been mailed,

1

shipped, transported, or sent by any means or facility of or affecting interstate foreign commerce, including by computer; and (4) the defendant acted knowingly, such that he knew that the material contained a visual depiction of a minor engaged in sexually explicit conduct. To convict a defendant of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), the government must prove beyond a reasonable doubt that (1) the defendant possessed any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography, that is, a visual depiction of a prepubescent minor engaged in sexually explicit conduct; (2) that had been mailed, or shipped, or transported in interstate or foreign commerce, or were produced using materials which were mailed or shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer; and; (3) the defendant acted knowingly, such that he knew that the material contained a visual depiction of a prepubescent minor engaged in sexually explicit conduct.

To act knowingly means to act "voluntarily and intentionally and not because of mistake or accident or other innocent reason." *United States v. Shrader*, 675 F.3d 300, 309 (4th Cir. 2012). Additionally, an act is done intentionally if it is done knowing the act is forbidden by law and "purposefully intending to violate the law." *Jackson v. United States*, No. 3:08-cv-01108, 2011 U.S. Dist. LEXIS 47066, at *28 (S.D. W. Va. Apr. 8, 2011).

In his Motion for New Trial, Mr. Griffith contends that at his trial, the court admitted evidence that was seized by the government in violation of his right to be

2

free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution. [ECF No. 98 ¶ 2]. Specifically, Mr. Griffith claims that "agents of the government unlawfully 'hacked' his computer and/or other electronic device from a remote location and virtually invaded the operating system and data files in which Mr. Griffith possessed a legally cognizable expectation of privacy." *Id.* ¶ 4. He asserts that he "intends to present testimony" showing the unlawful hacking of his system and that "the content removed from the system" was used to establish the probable cause necessary for the government to obtain the search warrant in his case. *Id.*

The government counters that "[p]resumably, this 'hacking' claim would have been known to [Mr. Griffith] at the time the pretrial motions deadline passed on May 17, 2023," and that as such, Mr. Griffith—who "was represented by a highly experienced and competent trial attorney"—should have raised the issue in a motion to suppress. [ECF No. 100, at 3]. However, Mr. Griffith filed no such motion to suppress in this case. Therefore, the government argues that Mr. Griffith's "hacking" claim is waived. *Id.* I agree.

Even if Mr. Griffith did not know of the alleged "hacking" prior to trial, however, his motion must still fail. Motions for a new trial based upon newly discovered evidence are reviewed under a five-prong test:

> (i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in acquittal at a new trial?

3

*United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989) (citing *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987)). All five prongs of this test must be satisfied in order for a defendant to receive a new trial. *Id.*

Here, the first prong is not satisfied. Mr. Griffith makes no claim in his motion that the evidence of the alleged "hacking" is newly discovered. Rather, he merely states that he "intends to present testimony" on the topic. [ECF No. 98 ¶ 4]. He provides no facts in his motion to illustrate when or how he learned of the alleged "hacking" from which the court can determine the newness of the evidence. As such, the first prong has not been satisfied, and his motion must fail. Because all five prongs must be satisfied, I need not consider the rest of the test.

However, in addition to Mr. Griffith's failure to establish—or even mention—that his evidence related to the alleged "hacking" is newly discovered, the record demonstrates a lack of due diligence on Mr. Griffith's part, if he did, in fact, believe that he had been hacked. At Mr. Griffith's trial, the prosecution asked FBI forensic digital examiner Melissa Cash if there was any evidence that any of the devices seized from Mr. Griffith were hacked. She stated there was not. *See* [ECF No. 79, at 31–32]. Despite the door to the topic having been opened by this line of questioning, the defense never rebutted Ms. Cash's claim. The opportunity to raise the issue was available at trial, and yet, Mr. Griffith failed to present his alleged evidence demonstrating the unlawful "hacking." Further, Mr. Griffith provides no facts in his motion from which the court can infer Mr. Griffith's level of diligence in obtaining the

4

evidence that he argues warrants a new trial. Therefore, the second prong of the test is also not satisfied.

For these reasons, I find that the interests of justice do not require a new trial. The Motion for New Trial, [ECF No. 98], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     February 21, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5